1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MATTHEW WAYNE CHRISTENSON,                No.  2:24-CV-1704-DMC

12                    Plaintiff,

13        v.                                   MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                          Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Pursuant to the written consent of all parties, ECF Nos. 3 and 5, this case is before the

21   undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

22   U.S.C. § 636(c).  Pending before the Court are the parties' briefs on the merits, ECF Nos. 11 and

23   15.

24              The Court reviews the Commissioner's final decision to determine whether it is:

25   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

28   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

1    a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971). The record as a whole,

2    including both the evidence that supports and detracts from the Commissioner's conclusion, must

3    be considered and weighed. <u>See Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

4    <u>v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's

5    decision simply by isolating a specific quantum of supporting evidence. <u>See Hammock v.</u>

6    <u>Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative

7    findings, or if there is conflicting evidence supporting a particular finding, the finding of the

8    Commissioner is conclusive. <u>See Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

9    Therefore, where the evidence is susceptible to more than one rational interpretation, one of

10    which supports the Commissioner's decision, the decision must be affirmed, <u>see Thomas v.</u>

11    <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

12    standard was applied in weighing the evidence, <u>see Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th

13    Cir. 1988).

14         For the reasons discussed below, the matter will be remanded for further

15    proceedings.

16

17    **I.  THE DISABILITY EVALUATION PROCESS**

18         To achieve uniformity of decisions, the Commissioner employs a five-step

19    sequential evaluation process to determine whether a claimant is disabled. <u>See</u> 20 C.F.R. §§

20    404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

21
22    Step 1     Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

23
24    Step 2     If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;
25

26    Step 3     If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;
27

28

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

<u>See</u> 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  <u>See</u> 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  <u>See</u> <u>Quang Van Han v. Bower</u>, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  <u>See</u> <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  <u>See</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1340 (9th Cir. 1988); <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>Hammock v. Bowen</u>, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

1

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on May 8, 2018.  See CAR 22.[1]  In the application, Plaintiff claims disability began on January 1, 2007.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on December 20, 2022, before Administrative Law Judge (ALJ) Christopher Knowdell.  On May 23, 2023, the ALJ held a supplemental hearing.  In a June 7, 2024, decision, the ALJ concluded Plaintiff is not disabled from the alleged onset date of January 1, 2007, through the date last insured of June 30, 2008, based on the following relevant findings:

1.  The claimant has the following severe impairment(s): below the knee amputation of the left leg, ventricular tachycardia, major depressive disorder, and generalized anxiety disorder;

2.  From January 1, 2007, through June 30, 2008, the claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3.  Prior to the date last insured, June 30, 2008, the claimant had the following residual functional capacity: sedentary work except he was unable to operate foot controls with the left foot; he was unable to climb ropes, ladders, or scaffolds; he was unable to balance, kneel, or crawl; he could have occasionally climbed stairs and ramps, stooped, and crouched; he must have avoided concentrated exposure to vibrations; he was unable to work near hazards including unprotected heights, operating heavy machinery, and driving motor vehicles; and he could have occasionally interacted with the public;

4.  Considering the claimant's age, education, residual functional capacity, and vocational expert testimony, the claimant was capable of performing jobs that exist in significant numbers in the national economy prior to the date last insured, June 30, 2008.

See id. at 25-36.

In the same decision, the ALJ also concluded that Plaintiff became disabled as of May 8, 2018, due to Plaintiff's worsening condition.  See id. at 344.

After the Appeals Council declined review on November 22, 2023, this appeal followed.

/ / /

---

[1]    Citations are to the Certified Administrative Record (CAR) lodged on August 12, 2024, ECF No. 7.

1
**III.  DISCUSSION**

2           In his opening brief, Plaintiff argues the ALJ's residual functional capacity finding

3    at Step 4 "lacks the support of substantial evidence and rests on legal error" and should include

4    further limitations as to interactions with co-workers and supervisors.  See ECF No. 11.

5           Residual functional capacity, evaluated at Step 4 of the sequential evaluation

6    process, is the most a person "can still do despite [the individual's] limitations." 20 C.F.R.

7    §§ 404.1545(a), 416.945(a) (2012); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir.

8    1985) (residual functional capacity reflects current "physical and mental capabilities").  Thus,

9    residual functional capacity describes a person's exertional capabilities in light of his or her

10   limitations.  An ALJ's RFC finding must include all of the limitations the ALJ has found to be

11   supported by the evidence of record. See SSR 85-15.  In determining residual functional capacity,

12   the ALJ must assess what the plaintiff can still do in light of both physical and mental limitations.

13   See 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082,

14   1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental

15   capabilities").

16           Regarding Plaintiff's mental limitations, the ALJ stated as follows at Step 4:

17           I have also considered the opinion evidence concerning the claimant's
18           mental functioning. Consultative psychologist Halimah McGee, Ph.D.,
             examined the claimant on August 7, 2008, and noted the examination
             findings summarized above in Finding 4. Dr. McGee noted low average
19           to average WAIS-III scores with an average 99 full scale IQ as well as
             average WMS-III scores. Dr. McGee opined that the claimant has no
20           work-related limitations. (Ex. 3F).

21           The State agency's mental consultant R. Brooks, M.D., completed an
             opinion dated August 29, 2008, and stated that the claimant has no severe
22           impairment. (Ex. 42F).

23           The State agency's mental consultant R. Tashjian, M.D., completed an
             opinion dated October 21, 2008, and agreed with Dr. Brooks' opinion.
24           (Ex. 44F).

25           Consultative psychologist Lenore Tate, Ph.D., examined the claimant on
             June 26, 2018, almost ten years after the date last inured, and noted the
26           examination findings summarized above in Finding 4. Dr. Tate opined that
             the claimant is moderately impaired in completing a normal workday and
27           workweek without psychiatric interruptions and he is moderately impaired
             in dealing with the usual stress encountered in a workplace. (Ex. 13F). Dr.

28

Tate's opinion is not persuasive because it was rendered almost 10 years after the period at issue.

The State agency's mental consultant Jane Buerger, Ph.D., completed an opinion dated July 19, 2018, and stated that the claimant has no severe impairment. (Ex. 1A, 2A).

The State agency's mental consultant Preston Davis, Psy.D., completed an opinion dated December 28, 2018, and also stated that the claimant has no severe impairment. (Ex. 5A, 6A).

Drs. McGee, Brooks, Tashjian, Buerger, Davis, and Tate's opinions are unpersuasive in regards to the claimant's ability to interact with others. Drs. McGee, Brooks, Tashjian, Buerger, and Davis' opinions are inconsistent with progress notes that show that the claimant has reported difficulty interacting with others, and he was referred for psychiatric treatment. (Ex. 20F/288). Such evidence shows that the claimant's mental impairments reasonably satisfy the de minimis severity standards of 20 CFR 404.1520(c) and 416.920(c). However, Dr. Tates' opinion provides for excessive limitations even though his opinion was supported under 20 CFR 404.1520c(c)(1) and 416.920c(c)(1) based upon his examination findings. Specifically, Dr. Tate's opinion is inconsistent with the evidence under 20 CFR 404.1520c(c)(2) and 416.920c(c)(2) when considering the overall lack of documentation of ongoing mental health-specific treatment and the claimant's periodic reports of improved anxiety control (Ex. 2F/101). Dr. Tate's opinion was also rendered almost 10 years after the date last insured.

Dr. Schmidt PhD authored an opinion in 2020, but she did not address whether the claimant had any psychiatric impairment by the time of the date last insured. Accordingly, I was not persuaded by her opinion (Ex 30F, 31F, 32F).

To accommodate the claimant's reports of difficulty interacting with people (Ex. 20F/288), the above residual functional capacity finding provides an accommodation that he could have occasionally interacted with the public.

CAR 32-33.

Plaintiff argues the ALJ erred at Step 4 by failing to consider the limiting effects of major depressive order and generalized anxiety disorder on his ability to interact with supervisors or co-workers, even though the ALJ found that Plaintiff is limited with respect to interactions with the public. See ECF No. 11, p. 8. According to Plaintiff:

Despite not finding Christensen restricted in his ability to interact with supervisors or coworkers, the ALJ simultaneously found that Christensen had "a moderate limitation in interacting with others." AR 28. . . .

///

In this case, when discussing the evidence in the two paragraphs prior to finding Christensen moderately limited in interacting with others, the ALJ did not identify the evidence he relied on to only find Christensen limited in his ability to interact with the public but not limited in his ability to interact with supervisors or coworkers. AR 28–29. While the ALJ recited evidence, the ALJ did not distinguish or explain what evidence justified limiting Christensen to occasionally interacting with the public but not limited whatsoever in his ability to interact with supervisors or coworkers. For example, without distinguishing or identifying differences in allegations regarding interacting with the public, supervisors, or coworkers, the ALJ acknowledged that Christensen alleged he isolates, is irritable with others, and has no patience with social interactions. AR 27. Further supporting Christensen's difficulty getting along with others beyond the general public, Christensen's attorney started off the initial hearing stating that:

> Mr. Christensen has let me know he would like to [go] a different direction regarding his case, and would no longer like to retain me as his Counsel, and would like to have more - - an opportunity to find counsel and proceed some - - more to what he would like regarding his case. And an opportunity to present additional arguments or present additional records for his disability claim….That's what he would like to do…And I will withdraw as his representative.

AR 80. Although Christensen ultimately decided to keep the same counsel after the ALJ provided analysis and said Christensen's *attorney is very good*, this incident demonstrates Christensen's difficulty getting along with people he knows, like supervisors or coworkers, in addition to unfamiliar people in the public. AR 84, 86.

* * *

The ALJ concluded that in order "[t]o accommodate the claimant's reports of difficulty interacting with people (Ex. 20F/288), the above residual functional capacity finding provides an accommodation that he could have occasionally interacted with the public." AR 33. The ALJ's conclusion is not an explanation. The ALJ's conclusion provides no insight as to why he simultaneously and inconsistently found Christensen moderately limited in his ability to interact with others but not limited whatsoever in his ability to interact with supervisors or coworkers.

Notably, the ALJ found Christensen moderately limited in his ability without distinguishing differences among Christensen's ability to interact with the public, supervisors, or coworkers. Nonetheless, the ALJ then restricted Christensen to occasionally interacting with the public without the ALJ explaining why he did not similarly limit Christensen's ability to interact with supervisors or coworkers. *Id.* Without offering a sufficient explanation as to why the ALJ did not similarly limit Christensen's ability to interact with supervisors or coworkers in light of finding Christensen moderately limited in interacting with others, the ALJ's findings are internally inconsistent and require remand. See *Perez v. Astrue,* 250 Fed. App'x 774, 776 (9th Cir. 2007) (remanding in part because the ALJ's findings were "internally inconsistent" and thus "not

/ / /

7

1    supported by substantial evidence") (unpublished).

2        ECF No. 11, pgs. 9-12.

3        Defendant argues that Plaintiff failed to meet his burden of presenting evidence to

4    establish limitations with respect to interactions with supervisors and co-workers.  See ECF No.

5    15.  According to Defendant:

6            Plaintiff does not identify evidence that further limitations were
         required. ECF Doc. 11 at 8-13. Rather, the only evidence Plaintiff
7        suggests shows difficulty interacting with supervisors or coworkers is
         dated more than 14 years after the relevant period. ECF Doc. 11 at 9-10.
8        Specifically, Plaintiff argues that the fact that in December 2022 he
         considered replacing his attorney demonstrates "difficulty getting along
9        with people he knows." ECF Doc. 11 at 10. The Commissioner does not
         agree with Plaintiff's proposition that the fact that a person considers
10       switching attorneys shows that the person has difficulty getting along with
         others. Even assuming, *arguendo*, that Plaintiff's reason for considering
11       switching attorneys was that they had difficulty getting along, and even
         assuming *arguendo* that this one piece of evidence establishes a significant
12       limitation in Plaintiff's ability to interact with people he knew, and even
         assuming *arguendo* that this limitation would apply to supervisors and
13       coworkers – this evidence "does not qualify as significant or probative"
         because it is dated outside of the relevant period. *Burkett v. Berryhill*, 732
14       Fed.Appx. 547, 551 (9th Cir. 2018) (unpublished), *citing Howard ex rel.
         Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) and *Carmickle v.
15       Comm'r, Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, Plaintiff
         challenges the ALJ's decision that he was not disabled from January 1,
16       2007, through June 30, 2008; he does not explain why questioning
         whether to replace counsel in December 2022 reflects on his ability to get
17       along with others more than 14 years earlier. ECF Doc. 11 at 10. The
         Court should reject Plaintiff's argument.

18       ECF No. 15, pg. 3.
19

20       The Court agrees with Defendant that Plaintiff's difficulties with counsel in 2022

21   have no bearing on Plaintiff's ability to interact with the public, supervisors, or co-workers during

22   the relevant period which ended 14 years earlier in June 2008.  The Court does not, however,

23   agree with Defendant's contention that Plaintiff has not identified any evidence of limitations in

24   interacting with supervisors and co-workers.  As the ALJ noted in the hearing decision, Plaintiff

25   reported that he has difficulty "interacting with people."  CAR 33.  This observation was based, at

26   least in part, on Plaintiff's statement at Exhibit 11E.  This exhibit is Plaintiff's Function Report –

27   Adult.  See CAR 598-606.  In this report, Plaintiff stated that he isolates, is irritable, and has "no

28   patience w/ social interactions."  Id. at 603.  The ALJ appears to have relied on Plaintiff's

1   subjective statement in concluding that Plaintiff has some limitations with respect to interactions

2   despite the various doctors' opinions to the contrary.  In fact, based on Plaintiff's statements, the

3   ALJ acknowledged that Plaintiff has limitations in interactions with "others" and the residual

4   functional capacity finding limited Plaintiff to only occasional interactions with the public.

5            The ALJ, however, does not offer any explanation or citation to the record to

6   indicate why limitations in interactions with "others" includes only interactions with the public

7   and not supervisors and co-workers.  Thus, while there is substantial evidence to support the

8   ALJ's general conclusion that Plaintiff is limited in his ability to interact with others, which

9   would include the public, the Court finds that the ALJ failed to cite substantial evidence

10  supporting exclusion of limitations in interactions with supervisors and co-workers.  The matter

11  will be remanded to allow the Commissioner to provide reasons, if any, for limiting Plaintiff to

12  interactions with the public and not supervisors and co-workers.  In particular, the Commissioner

13  must articulate why a limitation to interactions with co-workers and the public is not included in

14  Plaintiff's determined limited ability to interact with "others."

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

9

1

## IV.  CONCLUSION

2          For the foregoing reasons, this matter will be remanded under sentence four of 42

3    U.S.C. § 405(g) for further development of the record and/or further findings addressing the

4    deficiencies noted above.

5          Accordingly, IT IS HEREBY ORDERED that:

6          1.      Plaintiff's motion for summary judgment, ECF No. 11, is granted.

7          2.      Defendant's motion for summary judgment, ECF No. 15, is denied.

8          3.      The Commissioner's final decision is reversed, and this matter is remanded

9    for further proceedings consistent with this order.

10         4.      The Clerk of the Court is directed to enter judgment and close this file.

11

12   Dated:  April 28, 2025

13                                                _____
                                                  DENNIS M. COTA
14                                                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28